UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

ABDOL ALI SALEHI TARKHORANI,

          Petitioner,

v.

UNKNOWN PARTY #1 et al.,

          Respondents.
_____/

Case No. 1:26-cv-231

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

**I.     Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.8.)

In an Order entered on January 28, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 3.) Respondents filed their response on February 2, 2026, (ECF No. 4), and Petitioner filed his reply on February 5, 2026 (ECF No. 5), and a corrected reply on February 9, 2026 (ECF No. 7).

## II.     Factual Background

Petitioner is a native and citizen of Iran. (Pet., ECF No. 1, PageID.10, 14, 16; Peng Decl. ¶ 4, ECF No. 4-1, PageID.35.) Petitioner entered the United States as a visitor on April 20, 1983. (Peng Decl. ¶ 4.) Petitioner was authorized to stay until October 19, 1983; however, he never left. (*Id.* ¶ 5.)

On October 20, 1983, Petitioner's spouse filed a Form I-130, Petition to Classify Status of Alien Relative for Issuance of Immigrant Visa and a Form I-485, Application to Register Permanent Residence or Adjust Status. (*Id.* ¶¶ 6, 7.) Both were denied. (*Id.* ¶¶ 8, 9.) Petitioner was then given until November 17, 1984 to depart voluntarily. (*Id.* ¶ 9). He did not do so. (*Id.* ¶ 10.)

On December 5, 1984, Petitioner was charged with violating § 241(a)(2) of the Immigration and Nationality Act (INA) for remaining in the United States longer than permitted. (*Id.* ¶ 11.) Petitioner again filed a Form I-130 Petition and a Form I-485 Application, as well as a Form I-589, Application for Asylum and Withholding of Removal. (*Id.* ¶¶ 12–14, PageID.35–36.) An immigration judge denied Petitioner's application for asylum and Petitioner was again allowed the opportunity to voluntarily depart from the United States. (*Id.* ¶¶ 15–17, PageID.36.) Petitioner did not comply, leading his order of voluntary departure to become a deportation order. (*Id.* ¶ 18.) Petitioner filed several motions and appeals seeking to overturn the deportation order but was unsuccessful. (*Id.* ¶¶ 19–29, PageID.36–37.)

On February 24, 2005, ICE agents detained Petitioner for purposes of removal. (*Id.* ¶ 30, PageID.37.) Petitioner filed a petition for writ of habeas corpus, which was dismissed, and ICE

requested Iranian travel documents. (*Id.* ¶¶ 30–33.) Petitioner was not successfully removed to Iran and, on May 25, 2005, was released from custody on an order of supervision. (*Id.* ¶ 35.)

On June 23, 2025, ICE agents arrested Petitioner based upon Petitioner's final order of removal when Petitioner appeared for his scheduled ICE check-in. (*Id.* ¶ 37.) On August 12, 2025, ICE again requested a travel document from the government of Iran. (*Id.* ¶ 38.) On September 17, 2025, ICE was advised that it expected to receive the necessary travel documents; however, since that time, ICE has continued to inquire about the travel documents and has been told only that the request was "pending." (*Id.* ¶¶ 40–45, PageID.38–39.) On January 27, 2026, ICE contacted headquarters to again "check on the status of the travel document request" and to "inquire about the possibility of the removal of [Petitioner] to a third country." (*Id.* ¶ 47, PageID.39.)

### III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV. Merits Discussion

The parties agree that Petitioner is subject to a final order of removal. As a result, Petitioner's present detention is governed by 8 U.S.C. § 1231. However, Petitioner contends that his detention is unlawful and violates the Due Process Clause of the Fifth Amendment. In response, Respondents argue that Petitioner's continued detention for purposes of removal is authorized by *Zadvydas v. Davis* 533 U.S. 678, 701 (2001).

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). 8 U.S.C. § 1231(a)(6) further provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6). It is undisputed that Petitioner was ordered removed and that his order of removal became final "30+ years ago." (Pet., ECF No. 1, PageID.16.)

In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

The record shows that Petitioner has been detained since June 23, 2025, well over six months. And the record before the Court provides good reason to believe that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. ICE first attempted to remove Petitioner to Iran in 2005 but was unsuccessful. ICE has now detained Petitioner for a second time in an effort to execute Petitioner's final order of removal. After several communications with headquarters, ICE has been told only that its request for Iranian travel documents is "pending." (Peng Decl. ¶¶ 41, 45, ECF No. 4-1, PageID.38–39.)

4

Because Petitioner has met his burden of showing that removal is not reasonably foreseeable, Respondents must respond with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. They have not done so. There is nothing before the Court to suggest that the Iranian government is expected to issue travel documents to Petitioner in the near future. In fact, ICE began to "inquire about the possibility of removal . . . to a third country" on January 27, 2026. (Peng Decl. ¶ 47, ECF No. 4-1, PageID.39.) There is also nothing before the Court that would suggest that the process of removal to a third country will be resolved in the reasonably foreseeable future. The Court, therefore, will grant Petitioner's § 2241 petition.

V.  **Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

VI. **Proper Respondents**

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the ICE Detroit Field Office Director and the Secretary

for the Department of Homeland Security as Respondents. The Court will dismiss the United States Attorney General as a Respondent.

## Conclusion

For the reasons discussed above, the Court will enter a Judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to release Petitioner from detention, subject to any conditions that existed under Petitioner's prior order of supervision. The Court will also order Respondents to file a status report within five days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. Further, the Court will dismiss the United States Attorney General as a Respondent.

Dated:  February 12, 2026                    /s/ Jane M. Beckering
                                             Jane M. Beckering
                                             United States District Judge